IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| JOHN JONES, | ) | |
| | ) | |
|    Plaintiff, | ) | Case No. 07-2263 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER EDWARD YANCY, | ) | |
| individually and as an Officer of | ) | |
| the Memphis Police Department; | ) | |
| OFFICER JERRY WALKER, | ) | |
| individually and as an Officer of | ) | |
| the Memphis Police Department; | ) | |
| LARRY A. GODWIN, individually and | ) | |
| in his capacity as Police | ) | |
| Director for the City of Memphis; | ) | |
| and THE CITY OF MEMPHIS, | ) | |
| | ) | |
|    Defendants. | ) | |

---

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant City of Memphis' (the "City") March 6, 2009, Motion for Judgment on the Pleadings.[1] See Fed. R. Civ. P. 12(c). The City argues that Plaintiff 1) cannot receive punitive damages in an action under 42 U.S.C. § 1983, 2) cannot assert a Fourteenth Amendment substantive due process claim, and 3) has improperly pled his state-law claims against the City by failing to plead a cause of action under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 – 408 ("TGTLA"). Plaintiff responded in opposition on

---

[1] The other named Defendants did not join the City in its Motion.

May 18, 2009.  Because the City's arguments are meritorious, the Court GRANTS the Motion for Judgment on the Pleadings.

### I.    BACKGROUND

Plaintiff John Jones is an African-American male who resides in Memphis, Tennessee.  (Compl. ¶ 3.)  According to his Amended Complaint, on April 8, 2006, Jones was driving a 1995 Ford Ranger north on Prescott Road, toward its intersection with Christine Road, in Memphis.  Jones alleges that "an unknown driver" turned into Jones' lane of travel, causing him to swerve in an attempt to avoid a collision.  (Amended Compl. ¶ 7.) Jones crashed and struck a utility pole.  The unknown driver fled the scene.  (Compl. ¶¶ 9-10.)  Jones also left the scene of the accident, but later returned to find Defendants Memphis Police Officers Edward Yancy and Jerry Walker arriving.  Both officers are Caucasian.  (Amended Compl. ¶¶ 5-6, 9.)  On learning that Jones was the driver of the wrecked vehicle, officers asked for his driver's license and proof of insurance. (Id.)  When Jones was slow to produce the documentation, the officers became verbally abusive and ordered him to get on his knees.  (Id. ¶ 11.)

Jones asserts that he attempted to explain that he was unable to get on his knees because of a prior surgery.  (Id.) Yancy and Walker allegedly responded to Jones' inability to kneel down by "punch[ing him] in the ribs, face, and chest" and

2

forcing him to his knees with pepper spray. (Id.) Jones asserts that he at no time physically resisted the officers in any way, making the officers' actions "unnecessary, unreasonable, and excessive." (Id. ¶ 12.) Following his arrest, officers charged Jones with reckless driving, resisting arrest, driving without insurance, and driving without a license. (Compl. ¶ 18.) Authorities dismissed the charges on June 6, 2006. (Id. ¶ 23.) Despite their efforts, Jones and his family were unable to obtain an official copy of the arrest or accident reports. (Id. ¶ 22.)

Jones filed the present lawsuit on April 3, 2007, against Defendants Walker and Yancy, individually and in their official capacities as officers with the Memphis Police Department; Larry A. Godwin, individually and as director of the Memphis Police Department; the Memphis Police Department; and the City. (Id. at 1.) This Court dismissed the Memphis Police Department as a Defendant by order dated December 23, 2009, because Jones' claims properly lay against the City. (See Order Granting the Defendants' Motion to Dismiss the City of Memphis Police Department as a Defendant, Dkt. No. 83, at 2-3.) Against Walker and Yancy, Jones asserts state-law claims of assault and battery, negligence, false arrest, and false imprisonment, along with federal claims of violating his Fourth and Fourteenth Amendment rights and conspiring to interfere with his civil

3

rights.   (Amended Compl. ¶¶ 21-33); see also 42 U.S.C. §§ 1983, 1985(3).   Jones also asserts claims against the City and Godwin under 42 U.S.C. § 1983 and a common law negligence theory.   He alleges that their policy of improperly investigating citizen complaints of police misconduct and failure to train officers properly combined to make the alleged assault possible. (Amended Compl. ¶¶ 34-41.)   Plaintiff's Amended Complaint seeks compensatory and punitive damages, an injunction to prevent future violations, and attorneys' fees.   (Id. ¶ 42.)   The City has contested the validity of those portions of the Complaint against it through the present Motion.

## II.   JURISDICTION AND STANDARD OF REVIEW

This Court has original jurisdiction over Plaintiff's federal claims under the general federal question jurisdiction provided by 28 U.S.C. § 1331 and the specific jurisdiction provided by 28 U.S.C. § 1343(a) to redress claims of conspiracies to violate civil rights.   The supplemental jurisdiction provided by 28 U.S.C. § 1367 permits this Court to hear Plaintiff's related state-law claims.   No party has asserted that it is inappropriate for this Court to exercise supplemental jurisdiction over Plaintiff's state-law claims.

"The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."   Monroe Retail, Inc. v. RBS Citizens,

4

N.A., 589 F.3d 274, 279 (6th Cir. 2009) (internal quotation marks and citation omitted).  In addressing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (citing Twombly, 550 U.S. at 555.)  Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." Id.
(citing Twombly, 550 U.S. at 556). "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice." Id. at 1949 (citation omitted). A
plaintiff with no facts and "armed with nothing more than
conclusions" cannot "unlock the doors of discovery." Id. at
1950.

### III.  ANALYSIS

#### A.  Punitive Damages

The City first argues that Plaintiff may not seek punitive
damages for his claims that the City violated his constitutional
rights under the Fourth and Fourteenth Amendments. (Defendant's
Memorandum in Support of Its Motion for Judgment on the
Pleadings at 5.) ("Def.'s Memo") The City is correct. The
Supreme Court has unequivocally held that "a municipality is
immune from punitive damages under 42 U.S.C. § 1983." Newport
v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). The Court,
therefore, GRANTS the Motion for Judgment on the Pleadings on
Plaintiff's demand for punitive damages against the City under §
1983.

#### B.  Fourteenth Amendment Claim

The City next argues that, because Jones' complaint alleges
excessive force used by police to effect an arrest, his claim is
properly characterized solely under the Fourth Amendment, rather

6

than the Fourteenth Amendment's protection of substantive due process. (Def.'s Memo at 1-2.) The Fourteenth Amendment's guarantee that "no State shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, has long been understood to "guarantee[] more than fair process." Washington v. Glucksberg, 521 U.S. 702, 719 (1997) (citation omitted). These additional guarantees, known as substantive due process, protect those "fundamental rights and liberties which are [so] deeply rooted in this Nation's history and tradition" that "neither liberty nor justice would exist if they were sacrificed." Id. at 720-721 (internal quotation marks and citations omitted); see, e.g., Planned Parenthood of Southeastern Penn. v. Casey, 505 U.S. 833 (1992) (abortion); Eisenstadt v. Baird, 405 U.S. 438 (1972) (contraception); Loving v. Virginia, 388 U.S. 1 (1967) (right to marry); Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535 (1942) (right to have children); Pierce v. Society of Sisters, 268 U.S. 510 (1925) (right to direct the education and upbringing of one's children). The government may not deprive a person of these aspects of personal liberty "regardless of the fairness of the procedures" employed. County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (internal quotation marks and citation omitted). These protections emanate from "the touchstone of due process": protecting individuals from

7

"arbitrary action[s] of government." Id. at 846 (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)).

Nonetheless, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. (internal quotation marks and citation omitted). Because the Supreme Court has been reluctant to expand the scope of substantive due process, it has explained that, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process" applies. Id. at 842 (internal quotation marks and citation omitted). Jones' claims are based on the officers' alleged use of excessive force in his arrest. (See Amended Compl. ¶ 12 (describing the officers' actions as "unnecessary, unreasonable, and excessive").) These allegations are covered by the Fourth Amendment's explicit textual protections against "unreasonable searches and seizures." See U.S. Const. amend IV. Because a specific constitutional provision applies, Jones cannot state a substantive due process claim under the Fourteenth Amendment. County of Sacramento, 523 U.S. at 842. The Court, therefore, GRANTS the Motion for Judgment on the Pleadings on Jones' Fourteenth Amendment claims against the City. See Graham v. Connor, 490 U.S. 386, 388 (1989) ("A free citizen's claim that

8

law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person . . . .[is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard rather than under a substantive due process standard.")

### C.  Common Law Tort Claims

The City's final argument is that Jones has failed to state a claim for common law negligence against it because he has failed to plead a cause of action under the TGTLA properly. (Def.'s Memo at 5.); see also Tenn. Code Ann. §§ 29-20-101 – 313.  Jones responds that no specific pleading formalities apply to his claims.  (Plaintiff's Response in Opposition to Motion for Judgment on the Pleadings at 2-3.)   The City is correct. Jones must affirmatively plead waiver of immunity.  He has not done so.

Jones' Amended Complaint states a cause of action for negligence against the City.  He alleges that the City "negligently failed to develop and maintain policies or practices to adequately supervise and/or train their police officers." (Amended Compl. ¶ 41.)  Jones brings this state-law claim "under [the] common law of the State of Tennessee."  (Id. at 1.)  Tennessee recognizes the doctrine of sovereign immunity, protecting the State and its municipalities from citizens' damage claims unless a statute expressly waives that immunity.

Tenn. Const. art. I, § 17 ("Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."); see Doe v. Goodwin, 254 S.W. 3d 428, 430-31 (Tenn. Ct. App. 2007). Tennessee, through the TGTLA, has removed immunity for injuries "proximately caused by the negligent act or omission of any employee [of a governmental entity] within the scope of his employment." Tenn. Code Ann. § 29-20-205. Sovereign immunity bars any claim not brought under the TGTLA. See Tenn. Code Ann. § 29-20-201(a) ("Except as may be otherwise provided [by the TGTLA], all governmental entities shall be immune from suit for any injury . . . ."). Because Jones has pled a "common law" action against the City, the TGTLA bars his suit. See id. § 29-20-303 (failure to comply with statutory notice requirements is a "valid and complete defense"); Alexander v. Beale Street Blues Co., 108 F. Supp. 2d 934, 948 (W.D. Tenn. 1999) (noting that the TGTLA requires one to affirmatively plead the waiver of immunity). The Court, therefore, GRANTS the Motion on Count VII of the Amended Complaint alleging that the City's actions were negligent. See id.; Moss v. Shelby County, 401 F. Supp. 2d 850, 857 (W.D. Tenn. 2005) (dismissing intentional and negligent infliction of emotional distress claims where plaintiff did not properly plead under the TGTLA).

10

The Court also agrees with the City that Jones' claims arise out of a false-arrest allegation and civil rights violations. (Def's. Memo at 4-5; see Complaint ¶¶ 20-21 (alleging that officers had "no probable cause" to arrest Jones and that Jones "had not committed any criminal offenses").) The TGTLA specifically retains sovereign immunity for all such claims. See Tenn. Code Ann. § 29-20-205(2) (retaining immunity for injuries caused by "false arrest . . . or civil rights" violations). Because Jones cannot plead a claim that the TGTLA would permit to proceed, the Court DECLINES to allow Jones to amend his pleadings against the City to conform to the statutory pleading requirements. See Moss, 401 F. Supp. 2d at 857 (declining to allow plaintiff to amend his complaint where TGTLA does not waive the state's immunity).

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the City's Motion for Judgment on the Pleadings and DENIES Plaintiff leave to amend his Complaint because the City is immune from Plaintiff's state-law claims under the TGTLA. See Tenn. Code Ann. § 29-20-205(2). Plaintiff's claims against the City for punitive damages under 42 U.S.C. § 1983, violation of his Fourteenth Amendment substantive due process rights, and negligence are DISMISSED.

So ordered this 17th day of February, 2010.

11

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE